# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KENDAN LAJORDAN FONVILLE, Defendant. | Case No. 14-MJ-236<br><br>ORDER REGARDING PROBABLE CAUSE |

On the 15th day of October, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Special Assistant United States Attorney Ravi T. Narayan. The Defendant appeared personally and was represented by his attorney, Chad R. Frese.

At the conclusion of the hearing, the Court found that there was probable cause to believe Defendant committed the crime of possession of firearms by a person subject to a protection order, in violation of 18 U.S.C. § 922(g)(8). The Court also found, pursuant to 18 U.S.C. § 3142(e)(1), that there is no condition or combination of conditions which would reasonably assure the safety of the community if Defendant is released pending further proceedings. Accordingly, the Court ordered Defendant detained pending further proceedings.

Upon further review, the Court finds that additional briefing is required on the issue of probable cause. The Criminal Complaint (docket number 2) charges Defendant with possession of firearms by a person subject to a protection order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). For purposes of the instant hearing, the Government must establish probable cause to believe (1) Defendant possessed a firearm on March 24, 2012

and/or August 8, 2012; (2) at that time, Defendant was subject to a court order which prohibited him from possessing a firearm; and (3) the firearms had been shipped or transported in interstate commerce.

At the time of hearing, counsel for Defendant conceded that there was a protective order in place which prohibited Defendant's possession of firearms. Counsel argued, however, that the evidence did not support a finding of probable cause that Defendant possessed a firearm on the dates in question. As I indicated at the hearing, there is ample evidence to find probable cause to believe Defendant possessed a firearm on those dates. In addition, it is apparently undisputed that the firearms were transported across a state line.

In reviewing the protective order which was entered in this case, however, the Court has some question regarding whether it qualifies under federal law as a court order prohibiting Defendant's possession of firearms. The applicable statute states:

> It shall be unlawful for any person —
>
> . . .
> (8) who is subject to court order that —
>     (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>     (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>     (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury
>
> to . . . possess in or affecting commerce, any firearm or ammunition; . . .

18 U.S.C. § 922(g)(8).

As seen above, the order must restrain the person from engaging in prohibited behavior directed to "an intimate partner."[1] On page 2 of the Order of Protection issued by Iowa District Associate Judge Casey Jones on July 14, 2011, the form requires the judge to check "intimate partner" or "other." *See* Government's Exhibit 8A. In this case, the court checked "other." The form instructs the judge that if "intimate partner" is checked, then "the court must check box 5, prohibiting the defendant from possessing, shipping, transporting or receiving any firearms, offensive weapons or ammunition." *Id.* (underline in original) Because "intimate partner" was not checked, Judge Jones did *not* check paragraph 5, which states:

> The Defendant has been convicted of domestic abuse assault under Iowa Code Section 708.2A. Therefore, the Defendant shall not possess, ship, transport, or receive firearms, offensive weapons, or ammunition unless such rights have been restored in accordance with Iowa Code Section 724.27.

Order of Protection, p.2 (Government's Exhibit 8A).

While the Order of Protection contains certain "warnings to respondent" at the bottom of page 1, and specifically refers to 18 U.S.C. § 922(g)(8), it would not appear that the federal statute applies if the "intimate partner" option and paragraph 5 of page 2 are not checked by the issuing judge.

---

[1] The term "intimate partner" is defined at 18 U.S.C. § 921(32).

3

The Court finds that each party should be given an opportunity to brief the issue of whether the Order of Protection issued on July 14, 2011 makes it unlawful for Defendant to possess firearms in violation of 18 U.S.C. § 922(g)(8). *If* the order of protection is not a qualifying order pursuant to 922(g)(8), then it would appear that probable cause is lacking.

## ORDER

IT IS THEREFORE ORDERED that not later than **noon** on **October 17, 2014**, each party must submit written argument and authority on the issue of whether the order of protection filed on July 14, 2011 is a qualifying order within the meaning of 18 U.S.C. § 922(g)(8).

DATED this 15th day of October, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA